UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JANE DOE 1, and JANE DOE 2, individually
and on behalf of others similarly situated,

       Plaintiffs,

    V.       **CLASS AND COLLECTIVE**
            **ACTION COMPLAINT**
            **JURY DEMANDED**

BLOOMBERG L.P.,

       Defendant.

## INTRODUCTION

1. This is a Fair Labor Standards Act (FLSA) collective action and a Rule 23 class action under the wage and hour laws of New Jersey brought to remedy Defendant Bloomberg L.P.'s (hereafter "Bloomberg") unlawful refusal to pay overtime at the rate of time and one half to individuals with the job titles of "Data Analyst" and "Data Specialist" (and related titles) who worked in Bloomberg's Global Data Division.

2. In or about January 2019, Bloomberg recognized that Global Data positions were not exempt from federal and state overtime requirements and reclassified most of the positions as overtime non-exempt. However, Bloomberg made no effort to calculate the overtime back pay and liquidated damages due to its employees as a matter of law.

3. By this action, Plaintiffs seek unpaid overtime wages, liquidated damages, costs and attorneys' fees as well as declaratory relief under the FLSA, 29 U.S.C. §201 *et seq.* and New Jersey's wage-and-hour laws, including New Jersey Wage and Hour Laws, N.J.S.A. §§ 34:11-56a *et seq.*, and the supporting regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq.*, and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1-33.6.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

5. This Court has supplemental jurisdiction over any state claim raised by virtue of 28 U.S.C. §1367(a).

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### A. Plaintiffs

7. The named Plaintiff, anonymously referred to herein as JANE DOE 1 for purposes of this complaint, is a current employee of Defendant.

8. Plaintiff JANE DOE 1 is a resident of New Jersey.

9. The named Plaintiff, anonymously referred to herein as JANE DOE 2 for purposes of this complaint, is a former employee of Defendant.

10. At all times relevant Plaintiff JANE DOE 2 was a resident of New Jersey.

11. Plaintiffs were engaged in commerce while working for Defendant.

12. The term "Plaintiffs" as used in this complaint refers to the named Plaintiffs, any additional represented parties pursuant to the collective action provision of 29 U.S.C. §216(b), and to such members of the class brought pursuant to Fed. R. Civ. P. Rule 23, as described below, individually, collectively, or in any combination.

### B. Represented Parties under the FLSA

13. The named Plaintiffs bring this case as a collective action for class members consisting of "all non-supervisory employees (including but not limited to "Data Analysts" and "Data Specialists") who acquire, maintain, and update data in Bloomberg L.P.'s Global Data Division who were not paid time and one half for hours over 40 worked in one or more weeks" within the three years preceding the filing of a consent to sue by such individual and until the date of final judgment in this matter.

14. The collective action class consists of individuals who worked in the Global Data Division anywhere in the United States.

### C. Class Plaintiffs under the New Jersey Overtime Law

15. The named Plaintiffs bring this case as a Rule 23 Class Action for class members consisting of "all non-supervisory employees (including but not limited to "Data Analysts" and "Data Specialists") who acquire, maintain, and update data in Bloomberg L.P.'s Global Data Division who were not paid time and one half for hours over 40 worked in one or more weeks" at any time within two years preceding the filing of this Complaint and until the date of final judgment in this matter.

16. Upon information and belief, Bloomberg commonly employs many hundreds of Global Data personnel in the Data Analyst, Data Specialist, and related titles. Upon information and belief, the class is composed of well more than a thousand individuals.

17. There are questions of law and fact common to the class, including but not limited to a) whether the Plaintiffs' primary duty was to perform non-exempt work, b) whether the Plaintiffs were entitled to overtime premium pay, c) whether the Defendant knew or should have known that Plaintiffs worked hours over 40 in a work week, d) whether

Defendant suffered or permitted Plaintiffs to perform overtime work without paying time and one half premium pay.

18. The claims of the named Plaintiffs are typical of the claims of the class.

19. The named Plaintiffs and their counsel will adequately protect the interests of the class.

20. Common questions of law or fact predominate over individual questions and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

### D. Defendant

21. Defendant BLOOMBERG L.P. is a Delaware company registered in New York. The Defendant lists its business address as 731 Lexington Avenue, New York, New York 10022.

22. Defendant's business is a multinational mass media corporation that provides financial software tools such as analytics and equity trading platforms, data services and news to financial companies and organizations around the world through the Bloomberg Terminal.

23. Defendant's Global Data Division is situated in Princeton, New Jersey.

24. Upon information and belief, Defendant grossed more than $500,000 in the past fiscal year.

25. Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

### FACTS

26. Plaintiff JANE DOE 1 is employed by Defendant.

27. Plaintiff JANE DOE 1 is employed by Defendant in Princeton, New Jersey.

28. Plaintiff JANE DOE 1 has worked for the same team in the Global Data Division in Princeton, New Jersey since 2015.

29. Plaintiff JANE DOE 2 was employed by Defendant in Princeton, New Jersey.

30. Plaintiff JANE DOE 2 worked in Bloomberg's Global Data Division from approximately June 2015 through May 2017.

31. Bloomberg's Global Data Division is responsible for acquiring, maintaining, and updating data for Bloomberg's various data delivery platforms.

32. Named Plaintiffs are and were employed by Defendant to work with data so that it can be used in Bloomberg's BLAW platform.

33. Other data teams perform the same work for the Bloomberg Terminal and Bloomberg's other platforms.

34. Plaintiffs generally have the position title of "Data Analyst" or "Data Specialist," within the Global Data Division.

35. Plaintiffs regularly work more than 40 hours per week for Defendant.

36. Defendant records Plaintiffs' hours of work on-site using its badge in and badge out electronic time recording system.

37. Plaintiffs are generally scheduled to work five eight-hour shifts (plus additional time for lunch) each week.

38. Plaintiffs were and are required to work beyond their scheduled shift hours to complete jobs.

39. Plaintiffs were and are often required to work during their lunch time to complete jobs.

40. Defendant suffered or permitted and knew or should have known that Plaintiffs worked at home reviewing work emails and studying about different issues regarding Bloomberg's data and platforms.

41. Defendant suffered or permitted and knew or should have known that Plaintiffs worked beyond their scheduled shift hours.

42. Defendant suffered or permitted Plaintiffs to work for its benefit off the clock hours outside their shift.

43. Defendant failed to set up a time-keeping system that would record all the work hours of Plaintiffs.

44. Defendant failed to record the exact hours of work Plaintiffs performed.

45. Defendant did not ask Plaintiffs to record the hours of work they performed for Defendant off-site.

46. Prior to beginning work, Defendant communicated to Plaintiffs that they would be required to work five eight-hour shifts per week, for which they would be paid a salary.

47. Defendant paid Plaintiffs a salary rate for five eight-hour work shifts.

48. Prior to the reclassification of their positions, the salary paid to Plaintiffs by Defendant was intended to cover a forty-hour workweek.

49. Prior to the reclassification of their positions, Plaintiffs understood that the salary they were to be paid was intended to cover a forty-hour workweek.

50. Defendant failed to pay Plaintiffs overtime compensation at the rate of time and one-half for all hours worked over 40 in a workweek.

51. Defendant failed to pay Plaintiffs any compensation for their hours over 40 worked in a work week.

52. Defendant's failure to pay Plaintiffs the proper wages required by law was willful.

53. All actions and omissions described in this complaint were made by Defendant directly or through its supervisory employees and agents.

54. Effective January 1, 2019, Bloomberg reclassified many class members' positions within Global Data as overtime non-exempt.

## CAUSES OF ACTION

## (OVERTIME)

55. Defendant failed to pay premium overtime wages to the Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, 207 *et seq.* and its implementing regulations.

56. Defendant's failure to comply with the FLSA caused Plaintiffs to suffer loss of wages and interest thereon.

57. Defendant failed to pay premium overtime wages to the named Plaintiffs and other New Jersey Plaintiffs in violation of New Jersey Wage and Hour Laws, N.J.S.A. §§ 34:11-56a et seq., and the supporting regulations, N.J. Admin. Code §§ 12:56-1.1 et seq., and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1-33.6 which require employers, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week.

58. Defendant's failure to pay proper premium overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255 and Labor Law §662.

59. Defendant's failure to comply New Jersey's minimum wage and overtime protections caused New Jersey Plaintiffs to suffer loss of wages and interest thereon.

WHEREFORE, Plaintiffs request that this Court enter an order:

A. Certifying this action as a class action, under Rule 23(b)(3);

B. Declaring that the Defendant violated the Fair Labor Standards Act and New Jersey wage and hour laws;

C. Declaring that the Defendant's violations of overtime protections were willful;

D. Granting judgment to the Plaintiffs for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages and awarding the Plaintiffs' costs and reasonable attorneys' fees;

E. Granting judgment to the New Jersey Plaintiffs for their claims of unpaid wages as secured by the New Jersey wage and hour laws and awarding the Plaintiffs' costs and reasonable attorneys' fees; and

F. Granting such further relief as the Court finds just.

Dated: April 10, 2019

Respectfully Submitted,

*Michael Korik*

Michael Korik (MK0377)
Law Offices of Charles A. Gruen
381 Broadway
Suite 300
Westwood, NJ 07675
Tel.: 201-342-1212
Fax: 201-342-6474
E-mail: mkorik@gruenlaw.com

Dan Getman
Artemio Guerra
Getman, Sweeney & Dunn PLLC
260 Fair St.
Kingston NY 12401
Tel: (845) 255-9370
Fax: (845)255-8649
Email: dgetman@getmansweeney.com


ATTORNEYS FOR PLAINTIFFS