IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JANE DOE 1, and JANE DOE 2,
individually and on behalf of others
similarly situated,

        Plaintiffs,

v.

Case No.: 3:19-CV-09471

BLOOMBERG L.P.,

        Defendant.

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Respectfully Submitted,

*by*

Michael Korik
Law Offices of Charles A. Gruen
381 Broadway
Suite 300
Westwood, NJ  07675
Tel.:  201-342-1212
Fax:  201-342-6474
E-mail: mkorik@gruenlaw.com

Dan Getman (*Pro Hac Vice*)
Artemio Guerra (*Pro Hac Vice*)
Getman, Sweeney & Dunn PLLC
260 Fair St.
Kingston NY 12401
Tel: (845) 255-9370
Fax: (845)255-8649
Email: dgetman@getmansweeney.com

*Counsel for Plaintiffs*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

    I.    Technical Defects In The Summons Do Not Warrant The Harsh Penalty Of Dismissal. ........................................................................................................................ 2

    II.    Technical Defects In The Summons Do Not Divest The Court Of Personal Jurisdiction Over Bloomberg. ........................................................................................... 5

    III.    Alternatively, If The Court Determines That Service Or Process Were Insufficient, The Court Should Exercise Its Discretion And Retroactively Extend Plaintiffs' Time For Service. .......................................................................................... 6

        A.    The Court should extend Plaintiffs' time to serve because the statute of limitations may interfere with Plaintiffs refiling this action. ................................... 8

        B.    The Court should extend Plaintiffs' time to serve because Plaintiffs' error does not prejudice Bloomberg. ............................................................................. 9

CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Adam Technologies LLC, Pl. v. Well Shin Technology Co., Ltd. et al,* 18-CV-10513, 2019 WL 3800236 (D.N.J. Aug. 13, 2019) .............................................................................. 10

*Archbold v. Cracker Barrel Old Country Store, Inc.,* 3:12-CV-2212, 2013 WL 5272846 (M.D. Pa. Sept. 17, 2013) ...................................................................................... 6

*Ayres v. Jacobs & Crumplar,* P.A., 99 F.3d 565 (3d Cir. 1996) .............................................. 3, 4, 5

*Boley v. Kaymark,* 123 F.3d 756 (3d Cir. 1997) ....................................................................... passim

*Brown v. Norton,* CIV.A. 02-5556 (JAG), 2008 WL 2228704 (D.N.J. May 28, 2008) ................. 8

*Carter v. New Jersey Assoc. Of Sch. Administrators,* CIV.A.06-4497 FLW, 2007 WL 1101448 (D.N.J. Apr. 11, 2007) ................................................................................... 6, 8, 9

*Doe 1 et al v. Bloomberg LP,* Case No. 19-16262 (D.N.J. August 14, 2019) ................................. 2

*E.R. House v. Hous. and Urb. Dev.,* CIV.A. 05-3811 (FLW), 2006 WL 3779762 (D.N.J. Dec. 20, 2006) ............................................................................................................. 4, 10

*Enea v. Bloomberg L.P.,* 12CV4656-GBD-FM, 2015 WL 4979662 (S.D.N.Y. Aug. 20, 2015) ........................................................................................................................................ 9

*Freightmaster USA, LLC v. Fedex, Inc.,* CIV. 14-3229 KSH CLW, 2015 WL 1472665 (D.N.J. Mar. 31, 2015) .............................................................................................................. 8

*Jelks v. Newark Community Health Centers,* CIV.A. 13-886 JLL, 2013 WL 6154438 (D.N.J. Nov. 22, 2013) ............................................................................................................. 8

*Khorozian v. McCullough,* 186 F.R.D. 325 (D.N.J. 1999) .............................................................. 5

*Leiva v. Sec. of Dept. of Homeland Sec.,* CIV.A. 11-00629 CCC, 2012 WL 1191144 (D.N.J. Apr. 10, 2012) ......................................................................................................... 7, 10

*Marquez v. Starrett City Associates,* 13CV2362, 2017 WL 4402434 (E.D.N.Y. Sept. 30, 2017) .................................................................................................................................... 3

*McKinney v. L. Off. of James Duncan,* CV 09-2605, 2010 WL 668027 (N.D. Cal. Feb. 19, 2010) .................................................................................................................................... 3

*Muhammad v. Florence Township Police Department,* No. 15-4812, 2016 WL 5852850 (D.N.J. Oct. 4, 2016) ................................................................................................. 6

*New Eng. Mut. Life Ins. Co. v. Troy Ventures, Ltd.*, CIV. A. 94-3299, 1994 WL 705411
  (D.N.J. Dec. 14, 1994) .................................................................................................. 3

*Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3d Cir. 1995) ............................................ 8

*Salaam v. Merlin*, CIV 08-1248, 2009 WL 2230925 (D.N.J. July 22, 2009) ........................ 3, 4, 7

*Shore v. Henderson*, 168 F.Supp.2d 428 (E.D.Pa.2001) ................................................................ 4

*Spellman v. Express Dynamics*, LLC, 2:15-CV-03257 WHW, 2015 WL 4569488
  (D.N.J. July 28, 2015) .................................................................................................... 5

*Stout St. Funding LLC v. Johnson*, 873 F. Supp. 2d 632 (E.D. Pa. 2012) .................................... 3

*Sunoco v. Mid-A. Region Retailer Compl. Ctr.*, CIV.A. 10-4941 NLH, 2012 WL
  2870871 (D.N.J. July 12, 2012) ..................................................................................... 6

*Thalasinos v. Volvo Cars of N.A. LLC.*, CV147954SRCCLW, 2016 WL 3436407
  (D.N.J. June 16, 2016) ............................................................................................ 7, 8, 9

*United Food & Com. Workers Union, v. Alpha Beta Co.*, 736 F.2d 1371 (9th Cir.
  1984) .............................................................................................................................. 3

*Wright v. Deutsche Bank Natl. Tr. Co. for Registered Holders of Morgan Stanley ABS
  Capital Inc. Tr. 2007-HE& Mortg. Pass-Through Certificates*, Series 2007 HE7,
  CV 16-8989-BRM-LHG, 2018 WL 561841 (D.N.J. Jan. 25, 2018) ............................. 5

**Statutes**

29 U.S.C. §255(a) ...................................................................................................................... 7, 8

N.J. Stat. Ann. § 34:11-56a25.1 ..................................................................................................... 9

## INTRODUCTION

Bloomberg has moved to dismiss the complaint based on technical defects in the summons and it claims that such defects deny the Court personal jurisdiction over it. Bloomberg does not deny that it was timely served with the complaint along with the summons signed and sealed by the Clerk of the Court, and thus had full knowledge of the allegations and claims against it. Bloomberg claims it will suffer prejudice if the case is not dismissed, because it wishes to assert a limitations defense against the Plaintiffs for having served a technically defective summons. These arguments lack merit.

Technical defects do not warrant a dismissal for lack of service when the essential elements of the summons are present, as they were here. Nor do such technical defects defeat personal jurisdiction. Alternatively, this Court can, and should, extend the time for service so that the properly served summons would be deemed sufficient and the case can move expeditiously to its just resolution on the merits.

## BACKGROUND

Plaintiffs filed this case on April 10, 2019. Dkt. 1. A defective summons was issued by the Clerk on April 11, 2019. Without realizing the defect, and without entering the parties' contact information as directed by the Clerk, Plaintiffs timely served the defective summons and the proper complaint upon Bloomberg on July 9, 2019 (the 90th day after filing[1]). Dkt. 15; Declaration of Michael Korik (Korik Dec.) at ¶¶ 3, 4; July 9, 2019 service packet attached as Ex. 1. On July 30, 2019, Bloomberg filed a motion to dismiss challenging the defects in the

---

[1] Plaintiffs' counsel waited until the last day to serve in order to obtain facts from many different class members working in the vast Global Data Division to ensure that a completely accurate description of the violations was presented in the complaint (because the opportunity to amend becomes more limited after an answer is filed).

1

summons. Dkt. 16. On July 31, 2019, the day after learning of the defects in the summons, Plaintiffs asked the Clerk of the Court to reissue a corrected summons. Dkt. 18. The next day, on July 31, 2019 the Court issued a corrected summons. Dkt. 19. The following day, on August 1, 2019, Plaintiffs served Bloomberg with the corrected summons and the complaint. Dkt. 21; Korik Dec. at ¶¶ 8, 9; August 1, 2019 service packet attached as Ex. 2. On August 5, 2019, Plaintiffs also provided to Bloomberg's counsel copies of the amended summons and complaint served on Bloomberg. Korik Dec. at ¶¶ 10, 11; August 5, 2019 letter to Bloomberg's counsel attached as Ex. 3.

Also, in an effort to minimize risk that any claims would be lost, Plaintiffs refiled the identical complaint (and all subsequent filings) in a new action against Bloomberg. *Doe 1 et al v. Bloomberg LP,* Case No. 19-16262, (D.N.J. August 2, 2019). In accordance with the Court's rules, that action was filed as a "related action" and the duplicate case was assigned to Your Honor. On August 14, 2019, Your Honor *sua sponte* dismissed the duplicate action. *Id.* at Dkt. 15.

### ARGUMENT

Bloomberg's motion to dismiss should be denied as technical errors in the form of a summons do not warrant the harsh penalty of dismissal. Nor do such defects divest the Court of personal jurisdiction over the defendant. If the Court finds that service or process were improper, Plaintiffs respectfully request that the Court retroactively extend the time for service so that the case can move forward efficiently to resolution on its merits.

### I.     Technical Defects In The Summons Do Not Warrant The Harsh Penalty Of Dismissal.

In the Third Circuit a proper summons form must contain the following essential elements: it must be signed by the Clerk, bear the seal of the Court, and inform defendant of the

designated time within which to respond to the complaint. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996). The inadvertent failure to properly identify the parties in a summons is considered a harmless error that does not affect the validity of the summons or render service insufficient. *See, Stout St. Funding LLC v. Johnson*, 873 F. Supp. 2d 632, 647–48 (E.D. Pa. 2012) (holding that dismissal was not warranted because plaintiffs' failure to list "[d]efendants' names and addresses in a separate box was a harmless error that did not affect the validity of service.").[2] Technical defects in a summons do not warrant the harsh penalty of dismissal absent a showing of prejudice by the party contesting service. *See, Salaam v. Merlin*, CIV 08-1248, 2009 WL 2230925, at *2 (D.N.J. July 22, 2009) (denying motion to dismiss were process was only technically defective because it failed to properly identify defendant); *see also, New Eng. Mut. Life Ins. Co. v. Troy Ventures, Ltd.*, CIV. A. 94-3299, 1994 WL 705411, at *4 (D.N.J. Dec. 14, 1994)(holding that "[a]bsent a showing of prejudice, defective service is not grounds for dismissal.")(citations omitted).

The summons issued by the Court, and served on Bloomberg, was signed by the Clerk, had the seal of the Court, and informed Bloomberg of the time designated within which it was required to respond to the complaint. Def.'s Br. in Supp. Of Mot. to Dismiss, Dkt. 16-1 at p. 5;

---

[2] *Also see, United Food & Com. Workers Union, v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."); *McKinney v. L. Off. of James Duncan*, CV 09-2605, 2010 WL 668027, at *2 (N.D. Cal. Feb. 19, 2010)("the requirements for the form and content of summons are liberally construed to uphold service"); *Marquez v. Starrett City Associates*, 13CV2362, 2017 WL 4402434, at *3 (E.D.N.Y. Sept. 30, 2017)("[F]ailure to properly name the defendant need not be fatal... [T]he defect in the summons here resulted from a simple mistake that was technical in nature and not misleading. Indeed, Defendant has not identified any prejudice resulting from Plaintiff's error.").

Dkt. 2; Korik Dec. at ¶¶ 3, 4; Ex. 1. Despite the defects in the summons and Plaintiffs' inadvertence, the summons issued by the Court and served on Bloomberg contained all the essential elements of a summons. *Ayres*, 99 F.3d at 568.

For service of a technically deficient summons to merit dismissal, a defendant must demonstrate that it suffered actual prejudice from the defect. *Salaam*, 2009 WL 2230925, at *2; *New Eng. Mut. Life Ins. Co.*, 1994 WL 705411, at *4. In the Third Circuit, actual prejudice involves the "impairment of defendant's ability to defend on the merits." *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997). Foregoing "a procedural or technical advantage" does not amount to prejudice. *Id*. Moreover, "actual notice to a defendant that an action was filed militates against a finding of prejudice." *Id*.

Bloomberg does not claim that the defects in the summons have impaired its ability to defend this case on the merits. The only prejudice Bloomberg claims it will suffer here is that, if this action is not dismissed, it will forego the benefit of the statute of limitations running on some Plaintiffs' claims. Def.'s Br. in Supp. Of Mot. to Dismiss, Dkt. 16-1 at p. 6. The Third Circuit and Your Honor have held that loss of the benefit of the running of the statute of limitations does not amount to prejudice to a defendant. *Boley, supra*, 123 F.3d at 759–60 (foregoing a procedural or technical advantage does not amount to prejudice); *see also, E.R. House v. Hous. and Urb. Dev.*, CIV.A. 05-3811 (FLW), 2006 WL 3779762, at *8 (D.N.J. Dec. 20, 2006) (Wolfson, J., same); *also see, Shore v. Henderson*, 168 F.Supp.2d 428, 431 (E.D.Pa.2001) (same). Furthermore, because Bloomberg was served with a copy of the complaint it cannot dispute that it has had actual notice of the claims in this action. Korik Dec. ¶¶ 2, 3; Ex. 1. Bloomberg cannot show any cognizable prejudice here. *Boley*, 123 F.3d at 759. Bloomberg's motion to dismiss should be denied in its entirety.

## II. Technical Defects In The Summons Do Not Divest The Court Of Personal Jurisdiction Over Bloomberg.

"The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant." *Ayres*, 99 F.3d at 568. Bloomberg does not dispute that the original summons issued by the Court was signed and sealed by the Clerk and that it informed Bloomberg of the time by which it was required to respond to the complaint and that the service occurred within 90 days set by Rule 4(m). Def.'s Br. in Supp. Of Mot. to Dismiss, Dkt. 16-1 at p. 5; Dkt. 2; Korik Dec. at ¶¶ 3, 4; Ex. 1. Despite the technical defects in the form of summons and Plaintiffs' inadvertence, the original summons issued by the Clerk contained all the essential elements to obtain the court's personal jurisdiction over Bloomberg. *Id.*

The cases that Bloomberg relies on in its motion to dismiss deal with entirely different situations from what occurred here. The plaintiff in *Ayres* manufactured the summons and the Clerk neither signed it nor sealed it. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568–69 (3d Cir. 1996). In *Khorozian*, the court did not know where the summons came from because a summons was never issued by the court. *Khorozian v. McCullough*, 186 F.R.D. 325, 327 (D.N.J. 1999). In *Wright*, plaintiff did not serve defendants with any summonses and no summonses were issued by the court. *Wright v. Deutsche Bank Natl. Tr. Co. for Registered Holders of Morgan Stanley ABS Capital Inc. Tr. 2007-HE& Mortg. Pass-Through Certificates,* Series 2007 HE7, CV 16-8989-BRM-LHG, 2018 WL 561841, at *2 (D.N.J. Jan. 25, 2018). In *Spellman*, the summons was not signed by the Clerk. *Spellman v. Express Dynamics*, LLC, 2:15-CV-03257 WHW, 2015 WL 4569488, at *3 (D.N.J. July 28, 2015). In *Sunoco,* two years after the case was filed, and after the court granted three extensions of the time to serve, plaintiff served an undated

5

and unsigned summons that was not the summons issued by the court. *Sunoco v. Mid-A. Region Retailer Compl. Ctr.,* CIV.A. 10-4941 NLH, 2012 WL 2870871, at *2 (D.N.J. July 12, 2012). And in *Muhammad,* plaintiff failed to serve defendants with a copy of the complaint and the summonses he served were blank. *Muhammad v. Florence Township Police Department,* No. 15-4812, 2016 WL 5852850, at *3 (D.N.J. Oct. 4, 2016).[3]

Those cases are inapplicable here because it is undisputed that the summons was issued, signed, and sealed by the Clerk of the Court. Korik Dec. ¶¶ 2, 3; Ex. 1. Bloomberg has also since been properly served and the case is ready to move forward on the merits. The Third Circuit has repeatedly stated a strong preference that cases should be disposed of on the merits rather than on procedural technicalities. *Carter v. New Jersey Assoc. Of Sch. Administrators,* CIV.A.06-4497 FLW, 2007 WL 1101448, at *3 (D.N.J. Apr. 11, 2007). Bloomberg's motion to dismiss should be denied in its entirety.

### III. Alternatively, If The Court Determines That Service Or Process Were Insufficient, The Court Should Exercise Its Discretion And Retroactively Extend Plaintiffs' Time For Service.

If the Court determines that service of process was insufficient, Plaintiffs respectfully request that the Court exercise its discretion to retroactively extend the time for service so that the service which was obtained on Bloomberg on August 1, 2019 would be timely. *See,* Dkt. 21; August 5, 2019 letter to Bloomberg's counsel attached as Ex. 3. In determining whether to exercise its discretion to extend the time for service where service is insufficient, the Court must

---

[3] Bloomberg also relies on *Archbold v. Cracker Barrel Old Country Store, Inc.,* 3:12-CV-2212, 2013 WL 5272846 (M.D. Pa. Sept. 17, 2013). In *Archbold,* plaintiff never filed proof of service with the court as required by Fed. R. Civ. P. 4 (l) and admitted that the summons and service were improper. *Id.* at *3. In contrast, Plaintiffs here have filed proof service as required by the rules (Dkt. 15, 21) and contend that service was proper because the technical defects in the summons did not render service or process ineffective.

6

balance the interests of justice and prejudice to the defendant. *Salaam v. Merlin*, CIV 08-1248 (JBS), 2009 WL 2230925, at *3 (D.N.J. July 22, 2009). Indeed, "in deciding whether to extend time for service under Rule 4(m), the district court has wide discretion." *Leiva v. Sec. of Dept. of Homeland Sec.*, CIV.A. 11-00629 CCC, 2012 WL 1191144, at *5 (D.N.J. Apr. 10, 2012) (citations omitted).

The interests of justice would be served by extending the time for service because, "At this point, Defendants have been served, and the case is ready to proceed forward on the merits." *Thalasinos v. Volvo Cars of N.A. LLC.*, CV147954SRCCLW, 2016 WL 3436407, at *3 (D.N.J. June 16, 2016). Furthermore, because the named Plaintiff may be barred by the statute of limitations from refiling this action in her name, dismissing the case would create significant hardships and create complex legal issues of representativeness.[4] *Id.*

Bloomberg has not been prejudiced by Plaintiffs' error. Bloomberg was timely served with a copy of the complaint and does not contend that it lacked proper notice of Plaintiffs' claims. And, as discussed above, being denied the opportunity to profit from the running of a limitation period does not constitute "prejudice" as there is no "impairment of defendant's ability to defend on the merits." *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997). All factors weigh in favor of extending Plaintiffs' time for service. *Salaam*, 2009 WL 2230925, at *3.

---

[4] The FLSA's statute of limitations is generally 2 years, however it is 3 years if the defendant acted willfully. 29 U.S.C. §255(a). In New Jersey the statute of limitations for wage and hour claims was 2 years, however the state recently extended the limitation period to 6 years. *See,* https://nj.gov/governor/news/news/562019/approved/20190806a.shtml (last accessed on August 16, 2019). If the Court dismissed the case, the named-Plaintiff might be deemed an inadequate class representative due to not being a member of all classes regardless of future legal rulings on retroactive statutory changes and/or until willfulness is determined at the end of the case.

7

### A. The Court should extend Plaintiffs' time to serve because the statute of limitations may interfere with Plaintiffs refiling this action.

In the balancing of interests the Court should consider whether the applicable statute of limitations would bar the refiled action. *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). As Your Honor has previously explained, the running of the statute of limitations is a factor that justifies the Court to use its discretionary powers to extend the time of service. *Carter v. New Jersey Assoc. Of Sch. Administrators*, CIV.A.06-4497 FLW, 2007 WL 1101448, at *3 (D.N.J. Apr. 11, 2007); *Freightmaster USA, LLC v. Fedex, Inc.*, CIV. 14-3229 KSH CLW, 2015 WL 1472665, at *3 (D.N.J. Mar. 31, 2015) (extending time for service to prevent plaintiff's claims form becoming time barred); *Thalasinos*, 2016 WL 3436407, at *3 (same).

In this case, if the complaint is dismissed, the statute of limitations could potentially bar one of the Named Plaintiffs from refiling her claims because more than two years have passed since she worked for Bloomberg. *See,* Dkt. 1, Compl. at ¶ 30 (noting that Plaintiff worked for Bloomberg through May 2017). Claims under the Fair Labor Standard Act (FLSA) are subject to a two-year statute of limitations for ordinary violations. 29 U.S.C.A. § 255(a); *Jelks v. Newark Community Health Centers*, CIV.A. 13-886 JLL, 2013 WL 6154438, at *4 (D.N.J. Nov. 22, 2013). While a three-year statute of limitations applies to willful violations of the FLSA, "[t]he determination of whether a FLSA violation [is] willful is a question of law on which the plaintiff bears the burden of proof." *Brown v. Norton*, CIV.A. 02-5556 (JAG), 2008 WL 2228704, at *6 (D.N.J. May 28, 2008). The willfulness determination will not occur prior to determining the merits, thus calling into question whether Plaintiff is an adequate class representative. Plaintiffs expect that Bloomberg will allege, as it has in prior overtime cases against it, that the claims should only extend back two years because it did not act willfully. *See, Enea v. Bloomberg L.P.*,

8

12CV4656-GBD-FM, 2015 WL 4979662, at *2 (S.D.N.Y. Aug. 20, 2015) ("in its Answer, Bloomberg asserted a number of affirmative defenses, including the statute of limitations, its alleged good faith, and its alleged lack of willfulness"). And even if Bloomberg concedes that it acted willfully, if the Court dismisses this action, Bloomberg will undoubtedly assert that Plaintiff's claims under New Jersey's wage and hour laws are time barred because they arose more than two years ago. *See,* N.J. Stat. Ann. § 34:11-56a25.1 ("No claim for unpaid minimum wages, unpaid overtime compensation, or other damages under this act shall be valid with respect to any such claim which has arisen more than 2 years prior to the commencement of an action for the recovery thereof.").[5]

In this case, the potential running of the statute of limitations justifies the Court to use its discretionary powers to extend the time of service. *Carter,* 2007 WL 1101448, at *3 (this Court exercised its discretion to retroactively extend plaintiff's time to serve because the running statute of limitations would have prevented plaintiffs from asserting her claims after dismissal); *see also, Thalasinos,* 2016 WL 3436407, at *3 (same). Accordingly, the potential running of the statute of limitations on Plaintiffs' claims alone weighs in favor of retroactively extending Plaintiffs' time to serve Bloomberg.

### B. The Court should extend Plaintiffs' time to serve because Plaintiffs' error does not prejudice Bloomberg.

As Your Honor previously held, the Court should exercise its discretion and extend the time for service when plaintiffs' error does not prejudice the defendant. *E.R. House v. Hous. and*

---

[5] Although the statute was recently amended to expand the limitations period to six years, Plaintiffs expect that Bloomberg will argue that the amendment cannot be applied retroactively. https://nj.gov/governor/news/news/562019/approved/20190806a.shtml (last accessed on August 16, 2019). This issue too may not be resolved until much later in the litigation, making class and collective action certification unnecessarily messy.

9

*Urb. Dev.*, CIV.A. 05-3811 (FLW), 2006 WL 3779762, at *8 (D.N.J. Dec. 20, 2006) (extending time for service because there was no evidence that defendants were prejudiced by plaintiff's failure to effect timely and adequate service); *see also, Adam Technologies LLC, Pl. v. Well Shin Technology Co., Ltd. et al,* 18-CV-10513, 2019 WL 3800236, at *7 (D.N.J. Aug. 13, 2019) (same); *also see, Leiva,* 2012 WL 1191144, at *6 (same). When the Court evaluates prejudice to a defendant to determine whether to exercise its discretion, prejudice must involve "impairment of defendant's ability to defend on the merits" rather than foregoing "a procedural or technical advantage." *Boley v. Kaymark,* 123 F.3d 756, 759 (3d Cir.1997) (citations omitted). In the Third Circuit, "actual notice to a defendant that an action was filed militates against a finding of prejudice." *Id.* (finding that defendant was not prejudiced because he received a copy of the complaint); *Adam Technologies LLC, Pl.,* 2019 WL 3800236, at *7 (granting plaintiffs' 60 day extension to serve because, although initial service was procedurally improper, defendants clearly had actual notice since they were provided with a copy of the complaint and they moved to dismiss).

The only prejudice Bloomberg claims it would suffer in the event the prior service were approved is that it will not have the benefit of the running of the statute of limitations. Def.'s Br. in Supp. Of Mot. to Dismiss, Dkt. 16-1 at p. 6. But loss of the benefit of the running of the statute of limitations is not actual prejudice. *Boley.* 123 F.3d at 759–60. For that reason, the potential to assert a limitations defense cannot serve as reason to prevent extending the time for service. Moreover, Bloomberg cannot dispute that it has had actual notice of this action. Plaintiffs timely served a proper copy of the complaint[6] upon Bloomberg and the fact that

---

[6] Korik Dec. ¶¶ 3, 4; Ex. 1.

Bloomberg timely moved to dismiss itself demonstrates that Bloomberg had proper notice. Dkt. 16.

## CONCLUSION

Bloomberg's motion to dismiss should be denied because technical defects in a summons do not justify dismissal. The Court has personal jurisdiction over Bloomberg. Alternatively, the Court should exercise its discretion to retroactively extend Plaintiffs' time to serve and then, because service of a proper summons has already been accomplished, the Court should deny the Defendant's motion to dismiss.

Dated: August 20, 2019

Respectfully Submitted,

*/s/ Michael Korik*
Michael Korik
Law Offices of Charles A. Gruen
381 Broadway
Suite 300
Westwood, NJ  07675
Tel.:  201-342-1212
Fax:  201-342-6474
E-mail: mkorik@gruenlaw.com

Artemio Guerra (On the brief) (Pro Hac Vice)
Getman, Sweeney & Dunn PLLC
260 Fair St.
Kingston NY 12401
Tel: (845) 255-9370
Fax: (845)255-8649
Email: dgetman@getmansweeney.com

*Counsel for Plaintiffs*