UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE 1, and JANE DOE 2, individually and on behalf of others similarly situated,<br><br>    **Plaintiffs,**<br><br>   v.<br><br>**BLOOMBERG L.P.,**<br><br>    **Defendant.** | Civil Action No. 19-9471 (FLW)<br><br>**MEMORANDUM OPINION** |

**BONGIOVANNI, United States Magistrate Judge**

  Currently pending before the Court is named Plaintiffs Jane Doe 1 and Jane Doe 2 ("Plaintiffs'") motion to amend the pleadings. (Docket Entry No. 102). Defendant Bloomberg L.P. ("Defendant") has opposed Plaintiffs' motion on the grounds of futility and undue prejudice. The Court has fully reviewed the arguments made in support of and in opposition to Plaintiffs' motion. The Court considers Plaintiffs' motion to amend without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motion to amend is GRANTED in part and DENIED in part.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

  On April 10, 2019, Plaintiffs filed the instant action. (Docket Entry No. 1). This is a putative class action brought by current and former employees of Defendant seeking compensation under the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL") for failure to "pay overtime at the rate of time and one half to individuals with the job titles 'Data Analyst' and 'Data Specialist' (and related titles) who worked in Bloomberg's Global Data Division." (Compl. ¶ 1).

On September 6, 2019, Defendant filed its Answer.  (Docket Entry No. 44).

On January 19, 2020, the Court issued an Order of Designation for Mediation, appointing a mediator and staying all proceedings until May 18, 2020.  (Docket Entry No. 55).  Plaintiffs' motion for conditional certification of a class action and for the issuance of notice under the FLSA pursuant to 29 U.S.C. § 216(b) (Docket Entry No 20) and Defendant's motion to compel the Jane Doe plaintiffs to disclose their names (Docket Entry No. 35) were terminated pending the mediation with statutes of limitations periods tolled (Docket Entry Nos. 56, 57).

In a stipulation filed March 11, 2020, the parties stated that "[i]n the interest of furthering settlement discussions the parties agree that a FLSA collective action with respect to New York class should be conditionally certified." (Stipulation, ¶ 1, Docket Entry No. 60).  The parties also agreed to issue a collective action notice to putative class members who work or worked in New York.  (*Id.*)  On March 26, 2020, the District Court issued the Stipulation and Order that so ordered the agreement of the parties.  (Docket Entry No. 62).

As a result of the COVID-19 pandemic, the mediation was delayed, and the stay continued until November 30, 2020.  (Docket Entry No. 96).  All claims of the putative FLSA class were tolled through that date.  (*Id.*)

A conference was held on December 8, 2020, where Plaintiffs were directed to file any motion to amend by January 8, 2021.  On December 28, 2020, by text order, the motion for conditional class certification was deemed refiled.  (Docket Entry No. 100).

On January 8, 2021, Plaintiffs filed the instant motion to amend, seeking leave to file a First Amended Complaint ("FAC") to (1) substitute proposed named plaintiffs Rohan Vagle, John Hughes, and Stefan Petkovic for Plaintiffs (FAC ¶¶ 7-13, Docket Entry No. 102-2); (2) include claims under the NJWPL and NJWHL that extend from "six years preceding the filing of the

complaint" instead of the two years cited in the initial Complaint and add a claim for liquidated damages (FAC ¶¶ 17, E); and (3) add claims under New York Labor Law that extend from "six years preceding the filing of the Complaint" until the date of final judgment in this case (FAC ¶¶ 23-28). (Plaintiffs' Brief in Support of Motion to Amend ("Pl. Brief"), Docket Entry No. 102-8). Defendant opposes the motion on the grounds of futility and undue prejudice. (Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Amend ("Def. Brief") at 5, Docket Entry No. 104).

## II.  THE PARTIES' ARGUMENTS

### A. Plaintiffs' Arguments

Plaintiffs argue that Defendant's decision in 2019 to reclassify many GDA tech workers as overtime eligible is a "tacit acknowledgement that this class of tech workers is, and has always been, entitled to overtime pay." (Reply Brief in Support of Motion to Amend ("Pl. Reply Brief") at 6; *see* Pl. Brief at 7).

With respect to the New Jersey state law claims, Plaintiffs argue that they are entitled to a six-year statute of limitations under either the NJWPL or NJWHL. The Complaint includes claims under the NJWPL, which requires a six-year limitations period, but it cites a two-year period instead of the six-year period Plaintiffs now seek in the FAC. (Pl. Brief at 19). Even though Defendant argues that Plaintiffs' claims under the NJWPL are futile, Plaintiffs assert that they have "a plausible basis for recovery under the NJWPL" for wages beyond scheduled work hours improperly withheld. (Pl. Reply Brief at 5-6). In addition, on August 6, 2019, after the date the Complaint was filed, the NJWHL was amended to change the statute of limitations from two to six years. N.J. Stat. Ann. § 34:11-56a25.1. "The New Jersey Supreme Court has not opined whether the amendments to the wage and hour laws are retroactive but the New Jersey Department

of Labor and courts have agreed that the current statute of limitations for claims under the NJWHL is six years." (Pl. Brief at 20). Even if the Court finds that the six-year limitations period does not apply to claims that arose prior to August 6, 2019, Plaintiffs argue that "this case asserts ongoing violations of the NJWHL." (Pl. Reply Brief at 4). "While Bloomberg might have a statute of limitations defense to claims that arose prior to August 6, 2019; there is no basis to prevent the GDA tech workers that Bloomberg currently denies overtimes wages from asserting claims under the NJWHL that as amended expands the limitations period to six years and provides for liquidated damages." (*Id.*) (citations omitted).

Plaintiffs also argue that Defendant will not be prejudiced by a six-year statute of limitations because discovery must extend back six years on the New York state law claims and Plaintiffs are "entitled to a six-year look back period" because Defendant's New Jersey employees frequently work in its New York locations. (Pl. Brief at 10-11). Plaintiffs assert that New Jersey employees working in New York can claim protection under New York Labor Law, so using the same time period for both New Jersey and New York plaintiffs is necessary. (*Id.* at 11). Even if additional discovery is required because of the proposed amendments to the complaint, Plaintiffs argue that this is not enough to establish prejudice. (*Id.*)

With respect to the New York Labor Law ("NYLL") claims, the disputed time period for the New York class is 12 months. (Pl. Brief at 10). On April 30, 2020, Plaintiffs informed Defendant of their intention to assert claims under Articles 6 and 19 of the NYLL, and Defendant agreed to toll the claims of the New York class as of April 30, 2020. (*Id.*; Pl. Reply Brief at 8-9). Plaintiffs assert that the claims should extend back to April 10, 2013, six years from the filing of the Complaint on April 10, 2019, instead of six years from the tolling date of April 30, 2020. (Pl. Brief at 10).

Plaintiffs argue that amendments providing for relation back under Rule 15(c) are "freely allowed" where they "arose out of the conduct, transaction or occurrence set forth in [the] original pleadings." (Pl. Brief at 13) (quotations and citations omitted). Plaintiffs assert that because the Complaint alleged that Defendant failed to pay overtime to employees of its Global Data Division anywhere in the country, the New York claims fit this definition. (*Id.*) The underlying facts are the same, and the proposed amendments are therefore not futile. (*Id.* at 13-15). Plaintiffs argue that Defendant was put on notice by the Complaint. (*Id.* at 15-16). Plaintiffs also point to other litigations where Defendant has faced claims "for the same violations of the state and federal wage and hour laws" to show that Defendant was on notice. (*Id.* at 17). At a minimum, Plaintiffs ask for discovery regarding whether Defendant knew of "its obligation to pay overtime to GDA tech workers in New York" before a motion to dismiss or summary judgment on this point. (Pl. Reply Brief at 10-11).

According to Plaintiffs, there was no undue delay or prejudice to Defendant because the case is in "early stages, discovery has not commenced, and the existing and proposed causes of action are similar to those embodied in the original complaint and arise from the same facts." (Pl. Brief at 8). Plaintiffs argue that although the Complaint was filed in April 2019, the parties were engaged in settlement negotiations from September 2019 to November 2020. (*Id.*) Plaintiffs sought consent for the proposed amendments to the Complaint before the stay expired and filed this motion five weeks after the end of the stay. (*Id.*)

**B. Defendant's Arguments**

Defendant opposes Plaintiffs' motion to amend on the grounds of futility and undue prejudice.

Defendant argues that Plaintiffs are not entitled to a six-year limitations period under either the NJWPL or the NJWHL.  It argues that Plaintiffs have only alleged that "'Defendant failed to pay premium overtime wages to the named Plaintiffs,' which solely arises under the NJWHL and not the NJWPL."  (Def. Brief at 6) (internal citations omitted).  Defendant alleges that the NJWPL instead regulates deductions and withholdings from pay as well as timely payment of wages, and Plaintiffs cannot "shoehorn" their claim for unpaid overtime into an NJWPL claim to get a longer statute of limitations.  (*Id.* at 6-7).  Although Plaintiffs state that Defendant withheld all wages due for work beyond their scheduled work hours, Defendant argues that they "[f]ail to allege that Bloomberg ever promised them any wages for hours worked in addition to their regular shifts."  (*Id.* at 7) (citations omitted).

Defendant also argues that the NJWHL's 2019 amendments under the Wage Theft Act to expand the statute of limitations do not apply retroactively, and therefore Plaintiffs are not entitled to a six-year limitations period or liquidated damages.  (Def. Brief at 2, 9-13) ("Indeed, every court that has considered the question in this District has concluded that the 2019 amendments should not be retroactively applied.").  Defendant asserts that intent to apply a statute retroactively can only be found where, unlike here, (1) the legislature "expresses its intent" that the law apply retroactively; (2) an amendment "is curative"; or (3) "the expectations of the parties warrant retroactive application."  (*Id.* at 9) ("Every court in this District to have considered these factors so far has held that the WTA applies only prospectively.").  Retroactive application would also "unconstitutionally interfere with Bloomberg's vested rights in its statute of limitations defense and arbitrarily expand its civil liability for wage and hour violations by 900 percent" by reviving time-barred claims – specifically, any "claims arising from paychecks that pre-date April 10, 2017 (two years prior to the filing of the original complaint)."  (*Id.* at 13-14) (emphasis in original).

Similarly, because liquidated damages are punitive in nature, Defendant argues that making them retroactively available would be "manifestly unjust." (*Id.* at 15).

With respect to the NYLL claims, Defendant argues that the proposed amendments are futile to the extent they seek to add claims that are time-barred. Although Defendant does not take issue with the alleged six-year limitations period asserted by Plaintiffs, it does argue that those claims should not extend back six years from the April 10, 2019 filing of the Complaint under Rule 15. (Def. Brief at 15). Instead, it argues that the overtime claims should extend back six years from the agreed-upon tolling date of April 30, 2020 and claims under NYLL § 195 should extend back six years from the filing of this motion because they are not covered by the tolling agreement since Plaintiffs never mentioned NYLL claims for failure to provide proper wage statements or notices upon hiring at that time. (*Id.* at 16).

During the stay in the litigation for mediation, Plaintiffs informed Defendant that they intended to file an amended complaint asserting claims under the NYLL for New York employees who "frequently worked more than forty hours a week and were not paid the overtime wages they were due." (Def. Brief at 3-4). Although it agreed to toll the claims indicated as of April 30, 2020, Defendant disagreed that the claims should relate back to the filing of the Complaint. (*Id.* at 4). Defendant argues that the Complaint did not put it "on notice of any potential New York class claims" as required under Rule 15(c) because it did not include any New York state law claims, New York plaintiffs, or reference to the NYLL. (*Id.* at 2, 16-18). The NYLL overtime claims reach back earlier than those asserted in the Complaint, which have a two or three-year statute of limitations under the FLSA, depending on whether the violations were willful, and a two-year limitations period under the NJWHL. (*Id.* at 18-19). Therefore, Defendant argues that the amendment is "futile to the extent it would add claims that are time-barred." (*Id.* at 15).

In addition, Defendant opposes the amendment to include claims under NYLL § 195 that accrued more than six years before this motion was filed because it only agreed to toll the statute of limitations for Plaintiffs' New York state law overtime claims – not to toll claims that Defendant failed to provide proper wage statements or notices upon hiring. (Def. Brief at 16). Those claims cannot relate back to the date the Complaint was filed because they differ in type from those asserted in the Complaint. (*Id.* at 18-19).

Finally, Defendant argues that adding the New York claims will "substantially increase the number of class members at issue by expanding the statute of limitations that applies to Plaintiffs' pleading." (Def. Brief at 19-21).

Together, Defendant argues, these amendments would unduly prejudice the company by dramatically expanding the scope of discovery, the statute of limitations period, and the number of plaintiffs involved in this litigation. (Def. Brief at 25-26).

### III.   ANALYSIS

#### A.   Standard of Review

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182; *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2002). However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (quotations and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Alvin*, 227 F.3d at 121) and considers only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)). Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is

"not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B. Discussion

#### 1. Substitution of Named Plaintiffs

Plaintiffs seek to substitute Rohan Vagle, John Hughes, and Stefan Petkovic as named plaintiffs. Given that Defendant does not explicitly oppose this proposed amendment and that the NYLL claims are neither futile nor unduly prejudicial, as discussed further below, the Court grants the Plaintiffs' motion to the extent it seeks to substitute the proposed named plaintiffs.

#### 2. New Jersey Claims

Plaintiffs allege that they have plausible claims under the NJWPL for Defendant's alleged failure to "pay premium overtime wages" because those wages were withheld and thus qualify as claims under the NJWPL. (FAC ¶¶ 19, 67). However, the NJWPL, NJSA 34:11-4.1, *et seq.*, "regulates deductions from an employee's wages," while the NJWHL, NJSA 34:11-56a4, *et seq.*, "sets the amount for minimum wage and overtime rates." *Rodriguez v. Canada Dry Bottling Co.*, Civ. No. 14-6897 (KSH) (CLW), 2015 WL 5770502, at *3 (D.N.J. Sept. 30, 2015). "Generally, claims for failure to pay overtime are brought under the NJWHL." *Mitchell v. C & S Wholesale Grocers, Inc.*, Civ. No. 10-2354 (JLL), 2010 WL 2735655 at *5 (D.N.J. July 8, 2010); see *Rodriguez*, 2015 WL 5770502, at *3. In *Atis v. Freedom Mortgage Corp.*, Civ No. 15-3424 (RBK/JS), 2016 WL 7440465, at *3 (D.N.J. Dec. 27, 2016) (internal citations omitted), the court opined:

> Reading the plan language of the NJ WPL, the Court finds that the statute does not support a claim for unpaid overtime wages. The statute regulates the mechanics of when and how wages must be paid. . . . Plaintiff, however, attempts to shoehorn its claim under the NJWPL's provision prohibiting withholding or diverting of wages. Section 34:11-4.4, however, concerns the permissibility of

> withholdings and diversions for benefits, securities, savings, charities, and the like—categorically distinct from overtime pay. Further, courts in New Jersey and this District have generally held that claims for overtime should be brought under the NJWHL and not the NJWPL. The New Jersey Appellate Court found an employee could not bring an action for unpaid overtime under the NJWPL's provision on withholding or diverting wages.

*See Piscopo v. Pub. Serv. Elec. & Gas Co.*, Civ No. 13-552 (ES), 2014 WL 3014284, at *5 n.6 (D.N.J. July 3, 2014) ("Plaintiff seems to be seeking overtime payment, which is not addressed by the NJWPL.").

Because this Court finds that Plaintiffs' proposed amendments are futile to the extent they seek to gain a six-year statute of limitations by asserting an overtime pay under the NJWPL, it will next address whether adding those claims by asserting a six-year statute of limitations under the NJWHL and claim for liquidated damages based on the 2019 amendments under the Wage Theft Act is futile.

New Jersey courts have long favored the prospective application of statutes. *See Phillips v. Curiale*, 128 N.J. 608, 615 (1992) ("First, we asked whether the Legislature intended to give the statute retroactive application. . . . [T]he second question is whether retroactive application of that statute will result in either an unconstitutional interference with 'vested rights' or a 'manifest injustice.'") (citations omitted). "Consistent application of that test results in three circumstances that will justify giving a statute retroactive effect: (1) when the Legislature expresses its intent that the law apply retroactively, either expressly or implicitly; (2) when an amendment is curative; or (3) when the expectations of the parties so warrant." *James v. New Jersey Manufacturers Ins. Co.*, 216 N.J. 552, 564 (N.J. 2014); *see Cruz v. Central Jersey Landscaping, Inc.*, 195 N.J. 33, 46 (N.J. 2008) ("Only if one of these grounds is present, will we give a statute retroactive effect."). Even where it is determined that a statute applies retroactively, "a separate

inquiry requires examination for manifest injustice to the party adversely affected by retroactive application of the changed law." *James*, 216 N.J. at 565.

District courts have previously found that "New Jersey law does not support the retroactive application of the amendment to the statute of limitations of the New Jersey Wage and Hour Law." *Magee v. Francesca's Holding Corp.*, Civ No. 17-565 (RBK/JS), 2020 WL 2768679, at *2 (D.N.J. May 28, 2020); *see Saiyed v. Archon, Inc.*, Civ No. 16-9530, 2020 WL 7334190, at n.6 (D.N.J. Dec. 14, 2020); *Vasquez v. Spain Inn, Inc.*, Civ No. 19-452, 2019 WL 5258197, at n.6 (D.N.J. Oct. 17, 2019); *Buchspies v. Pfizer, Inc.*, Civ. No. 18-16083, 2019 WL 5078853, at n.6 (D.N.J. Oct. 10, 2019); *see also Perloff v. SoMo Audience Corp.*, Civ No. 19-9172 KSH-CLW, 2020 WL 7183552, at *2-3 (D.N.J. Aug. 7, 2020) (rejecting application of the "continuing violations" theory to the NJWHL). First, the legislature did not explicitly state its intent to apply the statute retroactively in the text of the statute or in the related legislative history; nor is implied retroactivity "necessary to make the statute workable or to give it the most sensible interpretation." *Magee*, 2020 WL 2768679, at *2-3 (quotations and citations omitted). The amendment does not state explicitly whether it should be applied retroactively or prospectively, but it does state: "[t]his act shall take effect immediately, except that section 13 shall take effect on the first day of the third month following enactment." L. 2019, c. 212, § 14. The Supreme Court of New Jersey has held that the phrase "take effect immediately" implies prospective application of a statute rather than retrospective application. *Magee*, 2020 WL 2768679, at *3 (citing *Cruz and James*).

Second, the amendment to the statute of limitations is not curative, or "designed to remedy a perceived imperfection in or misapplication of a statute." *Id.* (quoting *Cruz*). An amendment is curative if it does "not alter the act in any substantial way, but merely clarifie[s]

the legislative intent behind the [previous] act." *Id.*; *see Schiavo v. John F. Kennedy Hospital*, 258 N.J. Super. 380, 386-87 (1992), *aff'd* 131 N.J. 400 (1993). Because the amendment expanded the statute of limitations from two years to six years, resulting in many additional claims and substantial increases in damages, district courts have found that the amendment is not curative. *Magee* 2020 WL 2768679, at *3.

Third, the expectations of the parties do not warrant retroactive application of the amendment. "The expectation of retroactive application should be strongly apparent to the parties in order to override the lack of any explicit or implicit expression of intent for retroactive application." *James*, 216 N.J. at 573. Here, there is no evidence that the parties have a "strongly apparent" expectation of retroactive application.

Since none of the three factors favor retroactive application of the amendment expanding the statute of limitations to six years, the Court need not look to whether such retroactive application will cause an unconstitutional interference with vested rights or a manifest injustice. *See McGee*, 2020 WL 2768679, at *4.[1] The three-factor test similarly militates against retroactive application of the liquidated damages provided for in the 2019 amendments to the NJWHL. Although none of the cases discussed above specifically address liquidated damages, the analysis is the same with the addition that retroactive application of this provision would cause a "manifest injustice" by expanding Defendant's liability dramatically.

In light of the foregoing, the Court finds that the proposed amendments to the Complaint seeking to expand the statute of limitations period for the New Jersey claims from two years to six years are futile.

---

[1] Plaintiffs' citation to cases finding that the current statute of limitations is six years under the NJWHL is not relevant to the question of whether the amendment that expanded the statute of limitations to six years should be applied retroactively. (*See* Pl. Brief at 20).

### 3. New York Claims

The Court next addresses whether adding Plaintiffs' proposed claims under the NYLL would be futile under Rule 15(c) to the extent that the overtime claims it agreed to toll as of April 30, 2020 and the claims under NYLL § 195 do not relate back to the filing of the Complaint and because adding the NYLL claims would be unduly prejudicial.

Rule 15(c)(1) provides: "An amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" "Relation back is structured to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Glover v. Fed. Deposit Ins. Corp.*, 698 F.3d 139, 145 (3d Cir. 2012) (quotations and citations omitted). As explained in *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 210 (3d Cir. 2004):

> [A]mendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading fall within Rule 15(c). In essence, the application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds.

(citations omitted); *see Mayle v. Felix*, 545 U.S. 644, 664 (2005); *Glover*, 698 F.3d at 145-46 ("Though not expressly stated, it is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.") (quotations and citations omitted). However, if a new claim "asserts a new ground for relief supported by facts that differ in both time and type from

those the original pleading set forth," the claim will not relate back to the original complaint. *Mayle*, 545 U.S. at 650; *see Tenon v. Dreibelbis*, 190 F.Supp.3d 412, 416 (M.D.Pa. 2016). The heart of a Rule 15(c) analysis is whether the original complaint provided sufficient notice to defendants of "the basis for liability the plaintiff would later advance in the amended complaint." *Glover*, 698 F.3d at 146 (quotations and citations omitted); *see* 6A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1497 (3d ed.) ("The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading.") (citations omitted).

  Here, the Court finds that Plaintiffs' proposed claims under the NYLL are not futile because they relate back to the filing of the Complaint and adding them would not be unduly prejudicial. Plaintiffs' original complaint asserts FLSA claims on behalf of a class that includes "individuals who worked in the Global Data Division anywhere in the United States." (Compl. ¶ 14). Although Plaintiffs did not bring claims under the NYLL in the Complaint, they made clear that their claims relate to Defendant's failure to pay overtime to all individuals in its Global Data Division with the specified titles, including employees working in New York. The Defendant had notice of all pertinent facts of the dispute based on the Complaint. Defendant was on notice that Plaintiffs might later add parallel claims under the NYLL to its complaint.

  As for the proposed claims under NYLL § 195, the claims for failure to provide proper wage statements or notices upon hiring all stem from Defendant's alleged failure to pay appropriate overtime to Plaintiffs. They arise "out of the conduct, transaction, or occurrence" that is the subject of the Complaint, as required by Rule 15(c). Therefore, they relate back to the filing of the original complaint.

Finally, given the lack of undue delay by Plaintiffs and the early stage of litigation in this matter, Defendant will not be unduly prejudiced by the proposed amendments to add the NYLL claims.

The proposed amendments to the Complaint seeking to add claims under the NYLL that relate back to the filing of the Complaint are neither futile nor unduly prejudicial.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion to amend is GRANTED in part and DENIED in part. An appropriate Order follows.

Dated: April 22, 2021

                                              s/ Tonianne J. Bongiovanni
                                          **HONORABLE TONIANNE J. BONGIOVANNI**
                                          **UNITED STATES MAGISTRATE JUDGE**