IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN HUGHES et al., individually and on behalf of others similarly situated,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**BLOOMBERG L.P.,**<br><br>*Defendant.* | Case No. 3:19-cv-09471-ZNQ-TJB |

**ORDER GRANTING THE PARTIES' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS COUNSEL'S FEES AND COSTS AND SERVICE AWARDS**

WHEREAS, the above-captioned matters came before the Court on the Parties' Motion for Final Approval of Class Settlement and Dismissal ("Parties' Motion for Judgment and Final Approval") (Docket Entry No. 210) and Plaintiffs' Motion for Final Approval of Class Counsel's Fees and Costs and Service Awards ("Fees Motion") (Docket Entry No. 211), which Defendant Bloomberg L.P. ("Defendant" or "Bloomberg") did not oppose;

WHEREAS, on April 10, 2019, Jane Doe 1 and Jane Doe 2 (the "Former Named Plaintiffs") filed a Class and Collective Action Complaint in the above-captioned action (the "Litigation"), asserting claims against Bloomberg under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), New Jersey Wage and Hour laws and supporting regulations, and New Jersey Wage Payment law for the alleged failure to pay overtime to Former Named Plaintiffs and all other "Global Data Analysts and Specialists" who allegedly are similarly situated;

WHEREAS, on March 26, 2020, pursuant to stipulation, the Court conditionally certified an FLSA collective for the potentially eligible members of the collective action in New York,

who were issued notice of the collective action in or around April 2020;

WHEREAS, on April 30, 2021, the Current Named Plaintiffs filed the First Amended Class and Collective Action Complaint, which asserted additional claims against Bloomberg under the New York Labor Law ("NYLL") for unpaid overtime and failure to provide wage statements and wage notices;

WHEREAS, on February 28, 2023, the Court conditionally certified an FLSA collective action;

WHEREAS, pursuant to the FLSA, potentially eligible members of the collective action were issued notice of the collective action in or around March 2023;

WHEREAS, the Current Named Plaintiffs, individually and on behalf of the classes of individuals they seek to represent (the "Class Members," and collectively referred to with the Current Named Plaintiffs as the "Plaintiffs"), purport to bring their NYLL and New Jersey law claims as a class action under Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, on February 8, 2024, the Current Named Plaintiffs and Bloomberg (collectively referred to as the "Parties") entered into the final Settlement Agreement and Release (the "Agreement"), which resolves all claims asserted in the Litigation;

WHEREAS, on February 8, 2024, the Parties moved for preliminary approval of the Agreement;

WHEREAS, on March 12, 2024, the Court granted preliminary approval of the Agreement, certified the NYLL and New Jersey Classes under Rule 23 of the Federal Rules of Civil Procedure for the purposes of settlement, granted provisional final certification of the FLSA collective under 29 U.S.C. § 216(b), appointed Plaintiffs' attorneys as Class Counsel, appointed Current Named Plaintiffs as Class Representatives, approved Make the Road New

Jersey and The Consortium for Worker Education as the Cy Pres Recipients, approved the form of the Notice of Class Action Settlement ("Class Notice"), authorized the mailing of the Class Notice to the Class Members, set dates for Class Members to opt out of and/or object to the Settlement Agreement, and scheduled a Final Approval Hearing;

WHEREAS, the Parties received no (0) objections from the Class Members following the distribution of the Class Notice;

WHEREAS, on July 9, 2024, the Court held a Fairness Hearing at which it considered the Settlement and heard arguments from Class Counsel and Bloomberg's Counsel;

NOW, THEREFORE, IT HEREBY IS ORDERED, upon consideration of the Parties' Motion for Judgment and Final Approval, the supporting brief and declaration(s), arguments presented at the fairness hearing on July 9, 2024, and the complete record in this matter, for good cause shown, that:

1. Except as otherwise specified herein, for purposes of this Order, the Court adopts the definitions of all capitalized terms used herein as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms as final its certification of the NYLL and New Jersey Classes for settlement purposes based on its findings in the Preliminary Approval Order and the lack of objections from Class Members to such certification.

4. The Court confirms the appointment of Current Named Plaintiffs Stefan Petkovic, Rohan Vagle, and John Hughes as representatives of the Class.

5. The Court likewise confirms as final the appointment of Getman, Sweeney & Dunn, PLLC as Class Counsel.

6. The Class Notice, pursuant to this Court's March 12, 2024 Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

7. The Court grants final approval of the Agreement. The Court finds that the Settlement, including the settlement of FLSA claims, is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e)(2) in all respects and that it is binding on Qualified Class Members. The Court specifically finds that the Class Representatives and Class Counsel have adequately represented the Class, and that the Settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and legal investigation.

8. The Court approves the payment of the amount of any Settlement Checks that remain uncashed at the end of the Payout Period to Make the Road NJ and The Consortium for Worker Education as the Cy Pres recipients in accordance with the terms of the Agreement.

9. The Court finds that the relief provided to the Class and the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Qualified Class Members are fair, reasonable, and adequate, and

payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

10. The Court has reviewed the Individual Releases for Former Named Plaintiffs and finds them to be fair, reasonable, and enforceable under the FLSA and all applicable law.

11. The Court approves of the release of the Released Claims, as defined in the Agreement in Sections 11.1, and 11.3, and the release of attorneys' fees and costs in Section 11.2 of the Agreement, all of which shall be binding on all Qualified Class Members. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA and Federal Rule of Civil Procedure 23 and all other applicable law.

12. The Parties and Settlement Administrator shall proceed with the administration of the Settlement in accordance with the terms of the Agreement.

13. If, for any reason, the Agreement is not approved in its entirety by the Court, and/or the Court does not grant Final Approval; or in the event that the Agreement is terminated, cancelled, declared void, or fails to become effective in accordance with its terms; or if the Effective Date does not occur, then: (i) the Parties shall work in good faith to address and resolve the Court's objections; (ii) Defendant shall have no obligation to make any payments provided for in the Agreement; (iii) the Term Sheet and the Agreement shall be deemed null and void; (iv) neither the Agreement, nor any other related papers or orders, nor the negotiations leading to the Agreement shall be cited to, used, or deemed admissible in any judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; (v) the Litigation shall proceed without prejudice as if the Agreement had not been executed unless the Parties proceed as stipulated in the Agreement; (vi) the Parties shall not be deemed to have

waived any claims, objections, defenses, or arguments with respect to the issue of class action certification or the merits of Plaintiffs' claims in the Litigation or any other issue, but rather shall retain the right to assert or dispute all claims and allegations, to assert or dispute all applicable defenses, and to assert or dispute the propriety of class action certification on all applicable grounds; (vii) any judgment or order entered by the Court in accordance with the terms of the Agreement shall be treated as vacated, nunc pro tunc; and (viii) none of the information provided by Defendant to Plaintiffs or Class Counsel for purposes of settlement negotiations only or obtained by Plaintiffs or Class Counsel about Class Members as a result of the settlement approval process shall be used by Plaintiffs or Class Counsel in the Litigation, unless the information is obtained later through the litigation process.

14. Notwithstanding Paragraph 13 above, any and all provisions of the Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any and all terms of the Agreement or in defense of all claims released or barred by the Agreement.

15. The Parties entered into the Agreement solely for the purpose of compromising highly disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Current or Former Named Plaintiffs, Class Members, or any other individuals, individually or collectively, liability being expressly denied by Defendant.

16. Neither this Order, the Agreement, nor any other documents or information relating to the Settlement of this Litigation shall constitute, be construed to be, or be admissible in any proceeding as evidence that any party has prevailed in this case, or that the Defendant or others have engaged in any wrongdoing.

17. This entire case is dismissed in its entirety with prejudice as to all Qualified Class Members. This Final Order shall bind and have res judicata effect with respect to the claims of Current and Former Named Plaintiffs and all Qualified Class Members.

18. By operation of the entry of this Order and the Judgment, all Released Claims are fully, finally, and forever released, relinquished and discharged, pursuant to the terms of the release set forth in Sections 11.1 and 11.3 of the Agreement, as to all Qualified Class Members.

19. Without affecting the finality of this Order, the Court will retain jurisdiction over the Litigation and Settlement after Final Approval solely for purposes of (i) enforcing the Agreement, (ii) addressing settlement administration disputes, and (iii) addressing such post-judgment matters as may be appropriate under Court rules or applicable law. The Parties shall abide by all terms of the Agreement and this Order.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Plaintiffs' Fees Motion, that:

20. The Court approves the requested Service Awards to the Current and Former Named Plaintiffs of $19,000 each. Such Service Awards are in addition to the amounts these individuals will otherwise be eligible to receive as their share of the recovery and shall be paid from the Settlement Amount. Such Service Awards are to compensate the Current and Former Named Plaintiffs for the time and effort expended in assisting in the prosecution of the Litigation and the ultimate recovery, for the burdens and risks they bore on behalf of the class, and for their efforts in conferring a benefit on the passive class.

21. The Court approves an award of attorneys' fees in the amount of $2,834,700 (33% of the Settlement Fund), to be paid from the Settlement Amount. Such award is reasonable

in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts, including the ultimate recovery obtained.

22. The Court also awards Class Counsel reimbursement of Litigation expenses, including settlement administration costs, to be paid from the Settlement Amount, in the amount of $51,698.64.

It is so ORDERED this _9th_ day of _July_, 2024.

_____
Honorable Tonianne J. Bongiovanni
United States Magistrate Judge

**The Clerk of the Court is directed to terminate Docket Entry Nos. 210 and 211.**

8